County of Clinton v. Ramsey.

COUNTY OF CLINTON

v.

ELAM S. RAMSEY.

CONSTRUCTION OF CONTRACT.—A party to a contract will be held to that meaning which he knew the other party supposed the words to bear, if this can be done without making a new contract. A physician agreed with a board of supervisors to give the paupers of the county "medical treatment" for a stipulated price. *Construed,* that "medical treatment" included services in surgical cases.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 24, 1886.

Messrs. MURRAY & ANDREWS, for appellant.

Messrs. WHITE & LAMB and Messrs. VAN HOOREBEKE & FORD, for appellee.

GREEN, J. This cause was tried by the court below without a jury, by consent of the parties, resulting in a finding and judgment thereon for $150 in favor of appellee, and the court having overruled appellant's motion for a new trial, this appeal was taken. Appellee was the county physician of Clinton county, duly appointed as such by the board of supervisors, for the year 1884. His contract was "for medical treatment (including necessary medicine), of all paupers supported by the county in the poor-house during the year 1884, including prisoners in jail, and all paupers in the township of Carlyle, without regard to their legal right of support by the county." For these services as county physician he was to receive $160, to be paid in quarterly installments; it was admitted by appellee on the trial, he had received his salary in full for the year 1884, according to the terms of said contract, but it is insisted on his behalf, the words "medical treatment" in the contract, did not include surgical treatment, and that appellee, while acting as county physician, in the early part of the year 1884, at the instance of the supervisor of the town in which is the county poor-house, amputated the feet of two inmates thereof, and was entitled to recover the value of his services in performing such surgical operation. It appears from the evidence, however, that he was not employed by the county, except as county physician, and as such, performed these surgical operations. He testified that he notified said supervisor the amputations were necessary to save the lives of the two paupers, and the supervisor told him to go ahead and do what he thought best. The uncontradicted testimony of the supervisor is, that he never, at any time,

County of Clinton v. Ramsey.

directed appellee to perform these services, other than as county physician, and there never was any intimation or suspicion that he should get any extra pay for these services. Under these circumstances, we apprehend, even if the contract should be construed as insisted on by appellee, no recovery could be had by him for these services. There was neither an express nor implied contract proven, by which the county became liable to pay him extra therefor, or other compensation than his salary; but we are further of opinion, the proper construction of said contract is not that given it on behalf of appellee. It appears from the evidence, "medical treatment" in its enlarged sense, includes surgery, and in a restricted sense, as used in medical parlance, may mean a division of the curative art, exclusive of surgery. Appellee knowing this, and knowing the board of supervisors supposed at the time the contract was made, those words included services in surgical cases, to be performed by him as county physician, failed to inform the board of the distinction between the meaning of those words in the enlarged and restricted sense, and purposely permitted it to enter into the contract, with the belief, he was bound by the terms thereof to perform the services sued for, as a part of his employment, and now insists upon a construction giving the restricted meaning to said words, excluding surgery, and permitting him to recover extra pay for said services. The facts, under the recognized rules for construing contracts, forbid this. " If the intention is doubtful, it must be sought after by a reference to the context, and to the nature of the contract. It must be a reasonable construction, and according to the subject-matter and motive." 2 Kent's Com., part 5, p. 555; it is essential, "to give the contract the sense in which the person making the promise believed the other party to have accepted it." Ibid. 556. " The undertaking of each must be construed in that sense in which he supposed it to be understood by the other." 1 Story, Con., Chap. 20, Sec. 775. " A party will be held to that meaning which he knew the other party supposed the words to bear, if this can be done without making a new contract." 2 Parsons on Con., Chap. 1, Sec. 3, p. 11. Applying these rules to the evidence,

it would undoubtedly be the proper construction of this contract, that appellee was bound thereby to perform these services in surgery as a part of his employment as county physician, and his own acts indicate such to have been the construction given it by him; for although the services were rendered by him in the early part of 1884, he claimed no extra pay therefor, or in any way notified said board he intended to claim it, until after his re-appointment for the year 1885. The only other service included in the judgment, the value of which appellee claimed he was entitled to recover, was for treatment of Ellen Mitchell, and on the ground that although she resided in Carlyle she was not a pauper; and the direction given by the supervisor residing in that town, to treat her, bound the county to pay him extra for such service. The supervisor testifies without contradiction that he directed appellee to render this service as county physician and not otherwise; hence, if not within the terms of the contract, appellee should have declined to obey the direction given him; but he elected to act under such direction and is not entitled to extra pay for the service. From a careful examination of the record, we are satisfied that the services sued for by appellee were all performed by him as county physician, and as such he was bound by his contract with the county to render them without other compensation therefor than the salary fixed. He has received that salary in full, and has no further claim upon the county. Entertaining this view, the judgment of the circuit court is reversed without remanding the cause.

Judgment reversed.