A. L. HAMMERQUIST AND N. P. CARLSON
v.
GUSTAV SWENSSON.

*Contracts—Interpretation of.*

1. In the interpretation of contracts, it is always allowable to show what interpretation or construction the contracting parties have placed upon the same.

2. The expression in a given contract of one or more things of a class or kind, implies the exclusion of all not expressed, and this is so if the law would have implied all, if none had been enumerated.

3. In an action brought to recover a balance alleged to be due for material furnished and labor performed in the construction of a dwelling house, this court holds that certain expenditures by the defendant were not within the terms of plaintiff's contract; that the former was not entitled to deduct the same from what he owed the latter, and that in view of the fact that the jury evidently allowed such counter-claim, the judgment for the plaintiffs can not stand.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. G. W. WOOD, for appellants.

Messrs. JACKSON & HURST, for appellee.

HARKER, J. This was a suit by appellants against appellee to recover a balance for material furnished and labor performed in the construction of a dwelling house.

Appellee, by written contract, engaged a firm of builders, Craig & Fisk, to build and complete a dwelling house for him according to certain plans and specifications. Craig & Fisk, by written contract, sublet the stone and brick work, plastering, drain pipes and concreting to appellants, the materials to be furnished and the work to be performed in accordance with the plans and specifications which had been agreed upon between appellee and Craig & Fisk. Appellants were to receive $900 for performing their part of the contract.

After appellants had begun work, Craig & Fisk became involved, and appellee released that firm from the contract. He requested appellants to go on with the work they had undertaken, however, and promised that he would pay them as Craig & Fisk had agreed, on their performing the work as they had agreed with that firm.

Appellants completed the work specified in their contract, as they claim, and extra work to the amount of $128.30. Appellee paid them $834.50. He refused to pay the balance claimed of $193.80, and insisted, among other things, on a deduction of $114.75 for grates, tile and mantels used about the fire places, and $10.75 for fancy tile furnished by himself. This suit followed, resulting in a judgment in favor of appellants for $22.25, from which they appeal.

The jury evidently allowed the counter-claim items above mentioned. It is only necessary to consider the rulings of the court and the finding so far as they relate to those items.

Hammerquist v. Swensson.

The obligations of appellants to appellee were identical with those which they had assumed in their written contract with Craig & Fisk. They were required to furnish no other material nor do any other work than that specifically enumerated in that contract. They were required to do nothing more than "the stone and brick work, plastering, drain pipes and concreting." Appellee insists they were to do all mason work according to the plans and specifications. Such was not their undertaking. What they had agreed to do was included within the general term, mason work, but did not include all mason work required in the construction of the building.

The Circuit Court adopted the theory of appellee and held, as shown by his ruling upon evidence and refusal of appellants' first instruction offered, that inasmuch as appellants had agreed to do their work according to the plans and specifications, "the terms, brick work, stone work and plastering, were broad enough to include the term mason work as stated in the specifications." The generic term mason work includes much more than the specific terms used in the contract, and by enumerating the kinds or species of work to be done, it must be presumed that the contracting parties intended to include everything mentioned, and to exclude everything not mentioned in the plans and specifications. The expression of one or more things of a class or kind implies the exclusion of all not expressed; and this even if the law would have implied all, if none had been enumerated. 2 Parsons on Contracts, 515; Stettauer v. Hamlin, 97 Ill. 312.

The expenditure of $114.75 was for grates, mantels and fixtures not included within the terms of appellants' contract. The expenditure of $10.75 was for ornamental chimney tiles, to be placed on top of chimneys, and were not within the terms of their contract. Appellee was not entitled to these claims as an offset against what he owed appellants.

Under the circumstances the court should have permitted appellants to show what appellee had said to them, if anything, about the fire-places. In the interpretation of con-

tracts, it is always allowable to show what interpretation or construction the contracting parties have placed upon the contract. M. E. Church v. Brose, 104 Ill. 206; Bishop on Contracts, 598.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*