## THE METROPOLITAN BANK OF MINNEAPOLIS

*v.*

## THE NORTHERN FUEL COMPANY.

*Opinion filed June 18, 1898.*

1. TRIAL—*peremptory instruction comes too late when asked as one of the series.* The Supreme Court cannot consider alleged error in refusing a peremptory instruction, asked, as one of a series, after the evidence is closed and the case submitted to the jury on the facts.

2. INSTRUCTIONS—*when Supreme Court cannot consider alleged error in refusing instruction.* Alleged error in refusing an instruction directing the jury to find that the contract in suit was an executed and not an executory contract cannot be considered by the Supreme Court, as the correctness of its refusal depends upon a determination of facts finally settled in the Appellate Court.

*Metropolitan Bank* v. *Northern Fuel Co.* 73 Ill. App. 164, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

SWIFT, CAMPBELL & JONES, for appellant.

ULLMANN & HACKER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a suit in assumpsit by appellee, against appellant, in the Superior Court of Cook county. A trial by jury resulted in a verdict in favor of the plaintiff for $1986.06. A motion for new trial by the defendant was overruled, and judgment entered on the verdict for the full amount thereof and costs of suit. On appeal to the Appellate Court for the First District that judgment was affirmed. Appellant again appeals.

The declaration contained two special counts and the common counts. The first special count alleged that on December 30, 1893, at Chicago, the plaintiff contracted with the defendant to buy from it certain bonds of the

Lehigh Coal and Iron Company of St. Paul, of the face value of $2200, which were to be delivered to the plaintiff by the defendant within eighteen months from the date of the contract; that plaintiff has always been ready and willing to receive the bonds and pay for them at the price agreed upon, and did pay on account thereof the sum of $2000, but the defendant refused, and still refuses, to deliver the bonds. The second special count alleged the agreement as in the first, payment by plaintiff according to the agreement, and the refusal of the defendant to comply on its part. The defendant pleaded the general issue and also a plea of set-off,—first, of $5000 as and for damages sustained by the alleged failure of the plaintiff to carry out a certain contract between the parties dated December 26, 1893, whereby it agreed to buy of appellant bonds of said coal and iron company of the face value of $8900; second, of $6280 as and for the price of said bonds which, as alleged, the plaintiff refused to accept and pay for; and third, of $590 as and for a promissory note of that amount given by the plaintiff to the defendant. A *similiter* was filed to the plea of non-assumpsit and a general replication to the plea of set-off. The material facts disclosed upon the trial appear in the opinion of the Appellate Court by ADAMS, P. J., in 73 Ill. App. 164.

The only grounds of reversal urged in this court are, that the trial court erred in refusing to give to the jury instructions numbered 1 and 2 asked by the defendant, and in giving the second and third on behalf of plaintiff.

The first of the refused instructions stated that, as a matter of law and evidence, the plaintiff could not recover. It is insisted it should have been given because there was no evidence produced by the plaintiff tending to support the cause of action alleged in the declaration. It was not asked at the close of the testimony, for the purpose of taking the case from the jury, but as one of a series of the defendant's instructions upon a final submission of the case. It was properly refused. We have

held that an instruction of this kind, intended to raise the question in this court as one of law whether or not there is any evidence in the record tending to support the plaintiff's cause of action, must be asked at the close of the testimony, and not after the evidence has been closed and the case submitted to the jury for verdict. *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564; *Gilbert* v. *Watts-DeGolyer Co.* 169 id. 129.

As to the refusal of the other instruction asked by the defendant, and the giving of those on behalf of the plaintiff, it need only be said that by the judgment of affirmance in the Appellate Court every material fact necessary to sustain the plaintiff's cause of action must be treated as conclusively found in its favor. It is not claimed that the correctness of either of these instructions can be determined as a matter of law, without reference to the facts. It cannot be contended, we think, that, accepting the facts as determined in favor of the plaintiff's right of recovery, the refused instruction can be held to announce a rule of law applicable to the case. The court was asked to instruct the jury, as a matter of law, that the purchase by plaintiff, of defendant, of bonds of the Lehigh Coal and Iron Company of the face or par value of $2200 was "an executed and not an executory contract." Whether or not it was an executed or an executory contract depended upon all the facts in the case, to be determined by the jury under the instructions of the court. It found by its verdict in favor of plaintiff that the contract was as alleged in the declaration, and since the judgment of affirmance in the Appellate Court we must presume that finding was authorized by the evidence. There was clearly no error in refusing the instruction.

The second and third instructions given on behalf of the plaintiff in effect did no more than inform the jury that if the plaintiff had proved its case as alleged in the declaration it was entitled to recover. We see no reason for saying they were erroneous. Counsel say there was

no evidence upon which to base them. What we have already said disposes of this objection.

In the argument of counsel it is assumed that the suit is upon a contract in writing, the construction of which was for the court, and not for the jury. This is a misapprehension. Plaintiff did not base its cause of action upon an agreement in writing, but upon the several facts and circumstances proved upon the trial which went to establish an agreement between the parties.

We are satisfied that the judgment below is right, and that the conclusion reached by the Appellate Court is fully sustained by the reasoning in the opinion above referred to. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*