## American Insurance Company v. William S. Meyers, et al.

### Gen. No. 4,470.

1. INSURANCE POLICY—*what covered by particular description contained in.* A policy which describes the property insured as "lumber, laths, shingles and posts contained in their yard," covers lumber contained in a shed located in such yard.

2. INSURANCE POLICY—*when parol evidence competent to aid interpretation of.* When language used in an insurance policy is equivocal or susceptible of varying or conflicting interpretations, it is proper to ascertain the intention and understanding of the parties by proving by parol facts and circumstances attending its execution.

3. ERROR—*when appellant cannot complain of.* An appellant cannot complain of an alleged error which his objection has induced the trial court to make.

Action of assumpsit. Appeal from the County Court of LaSalle County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905. Rehearing denied April 21, 1905.

MYRON H. BEACH and GEORGE R. BROWN, for appellant.

HUTTMANN, BUTTERS & CARR and S. RICHOLSON, for appellees.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellees as partners were engaged in the sale of lumber in the city of Ottawa. Their buildings and yards occupied about one-half of the block. At the solicitation of appellant's agent in Ottawa, appellees insured their stock to the extent of $1,000 in the appellant company. The first policy was written in May, 1902, and upon its expiration appellant's agent wrote and delivered another policy in all respects similar except as to the date of expiration. The latter policy expired May 12, 1904. These policies insured appellees against loss by fire to the extent of $1,000 "on lumber, laths, shingles and posts contained in their yards on the northeast corner of LaSalle and Michigan

streets, Ottawa, Ill." The policy permitted other insurance and appellees carried policies in the Manchester Assurance Co. and the Home Insurance Co. insuring them against loss to the extent of $1,000 by each company. By these two policies the insurance was placed as follows: "$150 on frame lumber sheds situated on the east end of lumber yard on east side of LaSalle St.; $650 on stock of rough and dressed lumber, posts, laths and shingles, while contained in above described yard and lumber shed; $200 on nails, sash and maple flooring while contained in frame building situate in west end of lumber yard." Appellees had a shed on the east side of and wholly within their yard, in which they kept certain qualities of lumber to protect it from snow and rain. This shed was fifty-four feet long, eighteen feet wide and eight feet high. It had a gable roof and was covered with boards. The yard fence constituted the rear part of this shed. The side next to the lumber yard was entirely open. On the 7th of July, 1903, a fire occurred which destroyed and damaged almost the entire stock of appellees' dressed lumber and a small portion of the rough lumber. On the 10th of July adjusters of the insurance companies met with appellees in Ottawa and together they figured up and agreed as to the amount of loss and damage sustained by appellees on account of the fire. The total amounted to $3,045.07, $1,466.07 of which was on lumber in the shed before described, and $324 on lumber in the yard outside of the shed. On this basis proofs of loss were made to appellant, and it caused a draft to be forwarded to appellees for the sum of $324, covering the loss to lumber in the yard outside of the shed. Appellees refused to accept the draft and returned it to appellant, claiming that their policy covered the lumber in the shed as well as that outside of it and that their proportion of the loss was $778.29. Appellant refusing to pay this sum, suit was brought for its recovery and a verdict and judgment obtained for that sum with interest, amounting to $792.55, and appellant brings the case here by appeal.

Appellant's position is that its policy did not cover the

lumber in the shed. It will be observed that the description of the property is "lumber, laths, shingles and posts contained in their yard," and this it is claimed meant only such as was not under any shed or in a building. Appellees insist that the lumber in the shed was as much in the yard as if it had no covering over it and that it was intended to be and was embraced in the terms of the policy.

On the trial appellees offered to prove what appellant's agent did while at the yard when he came to solicit insurance and where he went and whether he made an examination of the lumber at the time, and also what was said between them at the time appellant's agent was at appellees' yard to solicit the insurance, about the policy including the lumber in the shed. Appellant objected to all this line of testimony, its objections were sustained, and the proof not permitted to be made. At the conclusion of plaintiffs' evidence appellant requested the court to instruct the jury to find the issues for the plaintiffs in the sum of $324. This the court refused and in a number of instructions given on behalf of appellees told the jury that if they found the lumber in the shed was included within the provisions of the policy they should find for appellees in the sum of 10-23rds of the total loss, or in the proportion that appellant's policy bore to the full amount of insurance upon the property. By another instruction the jury were told that if they believed from the evidence it was understood by both parties that the shed was included in the term "yard," as used in the policy, then it should be treated as covered by said policy.

Appellant insists that the rights of the parties were fixed by the terms of the contract of insurance and that its construction was a matter of law and could not be submitted to the jury; also that parol evidence could not be resorted to for the purpose of determining the intention of the parties or how they understood the contract.

While complaint is made of some rulings of the court upon minor matters, as said by counsel for appellant in their brief, "the important question in this case is the

construction of the policy sued on." The rulings of the court as to the admissibility of evidence and in giving instructions seem inconsistent. At least a portion of the testimony offered was competent and should have been admitted. It would not have been a wide stretch of power if the court had held under the proof as to the character and location of the shed, that the lumber in it was embraced in the policy. We do not think the language used in the instrument precludes that construction. The most favorable view for appellant that can be taken of it is, that it does not clearly and unmistakably include lumber in the shed. When the language used in the written instrument is equivocal or susceptible of varying or conflicting interpretations, it is proper to ascertain the intention and understanding of the parties by proving the facts and circumstances attending its execution by parol. The office of parol evidence in such case is not to alter or change the contract, but to ascertain the purpose and intention of the parties and how they understood the instrument themselves. If after hearing the testimony the court can give effect to that intention without violating the language of the written instrument it will be done, but no matter what the intention may have been, if the language used will not admit of its being given effect without altering the written agreement, it cannot be done. Springsteen v. Samson, 32 N. Y. 706; Stilwell v. St. L. & H. R. R. Co., 39 Mo. App. 221; Stoops v. Smith, 100 Mass. 63; Knight v. New England Worsted Co., 2 Cush. 271; Knick v. Knick, 75 Va. 12; White's Bank v. Myles, 73 N. Y. 335. "The rule that parol evidence is admissible to explain and apply a writing, where it does not contradict or vary it, is universal in its application, under the rule that a writing may be read in the light of surrounding circumstances, in order that the true intent and meaning of the parties may be arrived at." Bradner on Evidence, p. 297; Rollins v. Pueblo County Com'rs., 15 Col. 103.

On page 299 of Bradner on Evidence the author says: " The principle of the admission of this class of evidence is,

that the court may be placed, in regard to the surrounding circumstances, as nearly as possible in the situation of the party whose written language is to be interpreted; the question being what did the persons thus circumstanced mean by the language they have employed? Within this principle all prior conversation between the parties is not excluded." Of course, this rule could have no application to an instrument, the meaning of which is clear and not reasonably susceptible of more than one interpretation. If it had been sought to show the parties intended the policy to cover lumber not within the limits of appellees' yard, it could not have been permitted, for the instrument is not capable of any such construction. The contract of insurance, or policy, is only signed by appellant and the language therein used is its language. If appellees desired and intended it to cover lumber in the shed and thought it did, and appellant's agent knew this and so intended it himself, we do not see why it would not have been competent to prove the facts. We think also if appellant's agent knew appellees intended the policy to cover lumber in the shed, and that they understood the language used by appellant to be comprehensive enough to do so, it would have been competent to have proven these facts. The Supreme Court said in Street v. Chicago Wharfing Co., 157 Ill. 605, upon this subject: "Moreover, where the contract is in fact understood by one of the parties in a certain sense, and the other party knows that he so understands it, then the undertaking is to be taken in that sense, provided this can be done without making a new contract for the parties." While the authorities are not all in harmony, we think the weight, especially of the more modern cases, is to the effect that under the circumstances of this case, and for the purposes we have mentioned, the conversations of the parties at the time the policy was written may be proven for the purpose of showing their intention and understanding at the time. Appellees also inquired what appellant's agent did when he came to their lumber yard to solicit them to take a policy in his company and where

he wênt in the lumber yard, but on objection being made by appellant the court did not allow the questions to be answered. This was certainly competent testimony. Let us suppose the witness had been allowed to answer the questions, and had said 'the agent visited and examined the lumber in the shed as well as that outside of it, and made memoranda from which to write the policy, including in the memoranda the lumber under the shed. Would that not have been proper to be considered in construing the policy? We think it would. In Vermont St. M. E. Church v. Brose, 104 Ill. 206, the Supreme Court said : " It is allowable always to look to the interpretation the contracting parties place on their agreement, either contemporaneously or in its performance, for assistance in ascertaining its true meaning. No extrinsic aid can be more valuable." In construing a written lease of a coal mine, in Consolidated Coal Co. v. Schneider, 163 Ill. 393, it was held competent to prove the acts and declarations of representatives of the lessor for the purpose of determining whose duty it was to provide cars for certain coal the lessees were required by the lease to deliver to the lessor at the mine. The lease was silent as to whose duty it was to provide the cars, and parol proof was heard to enable the court to give the contract the construction intended by the parties. In Street v. Chicago Wharfing Co., *supra*, it was held that where a contract, on account of the phraseology used is ambiguous, it is competent to hear evidence *dehors* the written agreement itself to determine the proper construction to be given it. The court say : " The court will, if necessary, put itself in the place of the parties, and read the contract in the light of the circumstances surrounding them at the time it was made, and of the objects which they then evidently had in view. So, also, the acts of the parties themselves, indicative of their construction placed upon it, may be resorted to for the purpose of determining the true meaning of the written agreement. And in this regard it makes no difference whether such acts are contemporaneous or subsequent." These prin-

ciples will be found sustained also by Wells v. Carpenter, 65 Ill. 447; Des Moines N. & W. Ry. Co. v. Block-Pollak Iron Co., 88 Ill. App. 79; County of Clinton v. Ramsey, 20 Ill. App. 577; Hammerquist v. Swensson, 44 Ill. App. 627. In our opinion the court should have admitted evidence for the purposes above indicated, and if it showed the parties intended it to, and understood when the insurance was written, that it did cover the lumber under the shed, and this proof had not been contradicted, it would then have been the duty of the court so to construe the policy. If appellees' proof upon this subject had been contradicted by appellant's, it should have been submitted to the jury under proper instructions to determine whether appellees' contention was sustained by the evidence, and with directions how to find if the weight of the testimony did or did not show the policy was intended and believed to cover lumber in the yard under the shed. The construction of a contract is a question of law for the court, but the circumstances surrounding its execution are questions of fact. Appellant, being responsible for the ruling of the court in refusing to admit the offered testimony, cannot now be heard to say that there was no proof that authorized construing the policy to include lumber under the shed. Any other rule would be to allow appellant the advantage of an error it asked the court to commit, and that, too, when the error was in its favor. Hahl v. Brooks, 213 Ill. 134.

We have examined all the other questions raised by counsel, and while we cannot say no other errors were committed, we do say, that to our minds none were committed that were prejudicial to appellant. The judgment is for the correct amount, if the policy be construed to embrace the lumber in the shed, which we hold it does, and notwithstanding the errors committed, the judgment is right on the merits and ought to stand.

The judgment is affirmed.

*Affirmed.*