Julian Foundry Company, Appellee, v. The Fidelity and Casualty Company of New York, Appellant.

Gen. No. 46,462.

First District, Third Division.
February 2, 1955.
Released for publication February 25, 1955.

McNamara, Voight, Greene & Nordstrand, of Chicago, for appellant; Frank N. Rago, and Charles D. Snewind, both of Chicago, of counsel.

Schuyler, Richert & Stough, of Chicago, for appellee; Jay Stough, and Joseph R. Julin, both of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit seeking indemnity against an inventory loss allegedly suffered through burglary, or fraud or dishonesty of plaintiff's employees. Verdict and judgment were for plaintiff in the amount of $2,486.51. Defendant has appealed from the judgment. Plaintiff

has cross-appealed from an order denying attorney's fees.

On November 20, 1951, defendant issued its Mercantile Open Stock Policy, and on January 28, 1952 its Blanket Position Bond No. 2418288 to plaintiff. Count 1 of the complaint seeks to recover on the policy; count 2 on the bond.

The policy indemnifies against ". . . all loss of merchandise . . . by burglary, which shall mean the felonious abstraction . . . from within the premises by . . . felonious entry . . . by actual force . . . of which there shall be visible marks made upon the exterior of the premises . . . as evidence . . . [of] actual force. . . ." For the reasons given hereinafter, we need not set out the provisions of the bond.

The answer denied the alleged burglary in count 1; the alleged fraud or dishonesty in count 2; proof of loss; and failure to pay the indemnity.

Defendant argues that there was no evidence to take the case to the jury on either count of the complaint. We agree that there was no evidence that plaintiff's goods were stolen by plaintiff's employees. Count 2 should not have gone to the jury.

There is evidence, however, that sometime after the closing of the foundry on the evening of February 23, and before its opening the next morning the goods were stolen. This was not disputed at the trial. Defendant contends only that, admitting the theft, there is no competent evidence of "visible marks upon the exterior of the premises . . . as evidence . . . [of] actual force . . . ." The contention has no merit.

There is evidence that the only window had been "jimmied" and the window sill bore scratch "marks" and "notches"; that the sill was "broken" and there were "jimmy marks on the sill," "smudge marks on the window" and "chips off the sill"; that a rear door had been broken out, the bar on the inside of the back door was off; that the only way into the rear of

304

the factory premises was over a high wooden fence or through a door in the fence; and that the padlock on the inside of the door had been broken off. There is some evidence of visible marks on the premises pointing to actual force in the burglary and this evidence justified submitting the question to the jury. There is no merit in defendant's contention that the inside of the rear fence was not an exterior of the premises. The term premises has various meanings depending on the subject matter in connection with which it is used. Gibbons v. Brandt, 170 F.2d 385; 72 C. J. S. 484. It is the word of the insurer and construing it favorably to the insured the exterior fence is part of the premises and the inside of the fence an exterior. American Ins. Co. v. Meyers, 118 Ill. App. 484, 488.

We see no necessity for distinguishing cases cited by defendant from foreign jurisdictions. We shall discuss Illinois cases they cite. In Abt v. National Surety Co., 230 Ill. App. 242, the policy was more restricted than the one before us. There had to be proof of the visible marks made by tools or explosives on the premises. There was no such proof. In Wakem & McLaughlin, Inc. v. Royal Indemnity Co., 241 Ill. App. 427, the policy was less restricted than the Abt policy but it was more restricted than the instant policy. The only evidence of visible marks made by "tools" was inside of the premises. Neither of these cases is helpful here.

The contention that the verdict is against the manifest weight of the evidence is without merit.

In opening argument plaintiff's attorney told the jury that plaintiff was covered by the policy and the bond so that "if . . . it was not a burglary it must have been an inside job by one of the employees in which event also the insurance company is liable." Defendant's motions for directed verdict and to dismiss count 2 were denied.

■ We have pointed out that the court erred in submitting count 2 to the jury. The question is whether

the error is prejudicial. Defendant concedes that one good count is ordinarily sufficient to support a general verdict, but contends that submitting a count where there is no evidence to support it and where an argument is made to the jury on that count is prejudicial error.

The Supreme Court in Greene v. Noonan, 372 Ill. 286, decided there was reversible error in refusing to withdraw a wilful and wanton count from the jury where there was no evidence to support it and no instruction that the jury was not to consider that count. The reasons given were (a) that the nature of the charge itself, although not proven, might influence the jury and (b) the rule that where there is one count the gist of which is malice together with another based on negligence only and the verdict is general then the presumption is that the verdict is on the malice count. The decision in Wilmington Star Mining Co. v. Fulton, 205 U. S. 60, is consistent with the Illinois rule stated in Greene v. Noonan, 372 Ill. 286. There was no evidence in the Fulton case under a wilful and wanton count and a general verdict was returned. Under the Illinois rule the error in refusing to withdraw the count would have been prejudicial.

In Borrowdale v. Sugarman, 347 Ill. App. 390, 396, we stated that the "principle" announced in Greene v. Noonan, applied to require reversal. That statement must be considered as applying the principle that where prejudice is likely to result from the error a judgment will be reversed. For in Borrowdale there was no evidence to sustain a quantum meruit count and at page 397 we concluded that since the quantum meruit count and an express contract count were mutually exclusive, prejudice was likely to result because some evidence offered under the quantum meruit count might be considered by the jury in deliberating upon the express contract count.

306

■ The rationale of the Greene case does not apply here and the Borrowdale case is readily distinguishable. There was nothing alleged in the instant count 2 likely to influence the jury. There was no presumption in favor of a verdict on that count. There was no evidence whatever under count 2. All vital testimony is clearly upon the sole question of evidence of visible marks of entry and the jury was instructed only on the issue contained in count 1. We think these circumstances neutralize any possible harm arising from the opening argument of plaintiff's counsel.

■ We think there was no prejudice in cross-examination of a defense witness with respect to his investigation of a police report. An improper question was begun but it was cut off by an objection and the court declined to rule until the question was completed and it was never completed. Objection was sustained to another improper question referring to the report.

■ In our opinion the cross-appeal has not sufficient merit. It is true the defendant denied notice and proof of loss, the forcible and violent entry and theft. Defendant introduced no evidence and made no point of lack of notice or proof of loss and admitted the theft only after proof. Defendant had a photograph of the only window through which the burglars could have entered and did not introduce it although it was used in cross-examination of plaintiff's witnesses. Yet we cannot say that this is enough to show the court abused its discretion in refusing the allowance of attorney's fees under Ill. Rev. Stats. 1953, ch. 73, § 767 [Jones Ill. Stats. Ann. 66.830]. In Bilton v. Pure Protection Ins. Ass'n, 319 Ill. App. 644 cited by the plaintiff the trial court allowed fees. Here the trial court denied fees.

■ We think some of the points made by defendant on appeal are debatable and defendant is entitled to raise and argue them and that there is no basis for damages for prosecuting the appeal "for delay" under

307

ch. 33, § 23, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 107.060].

For the reasons given the judgment is affirmed.

Judgment affirmed.

LEWE and FEINBERG, JJ., concur.