Marie M. Osborne *et al.*, Plaintiffs-Appellees, *v.* The City of Harvey, Defendant-Appellant.

(No. 58342;

First District (5th Division)—December 28, 1973.

William F. Donahue, of Harvey, and Carl Schub, of Chicago, for appellant.

Marshall E. LeSueur, of Finn and LeSueur, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff, individually, and as the mother and guardian of Barbara and Linda Osborne, and her brother, Angelo P. Mannella, brought suit against the City of Harvey, for damages sustained as a result of an automobile accident, when Mannella's auto ran off Page Avenue at its termination and into a ditch, a condition which defendant had negligently allowed to exist without barricades, illumination or warning signs. The jury returned a special interrogatory finding the plaintiff, Mannella, the driver of the car, guilty of contributory negligence and gave a general verdict in favor of the other three plaintiffs, occupants in the car, awarding $225,000 to Marie M. Osborne, $2,000 to Barbara Osborne, and $2,500 to Linda Osborne. Defendant is only appealing the judgment in favor of Marie M. Osborne.

On appeal defendant's only contention is that Mannella's negligence must be imputed to plaintiff because as a matter of law Mannella was

plaintiff's agent. Defendant has not contested the amount of the damage award.

The relevant facts are not in dispute. Plaintiff and her two daughters had been invited to a wedding reception at the American Legion Hall at 170th Street in Hazelcrest. Neither she nor her two daughters had ever driven an automobile, so she asked her brother, Mannella, to drive them to the wedding reception. Mannella was not acquainted with anyone involved in the wedding. On February 2, 1968, Mannella, in his own car, picked up the plaintiffs at their home at 108th and Avenue D in Chicago and left there at 5:40 P.M. for the wedding reception at 170th Street and Page Avenue. Either plaintiff or her husband told Mannella the route. While traveling west on 147th Street in Harvey, Mannella saw a street sign reading "Page Avenue." He decided to take Page Avenue instead of Woods Street which was the suggested route. He made a left turn and proceeded in a southerly direction on Page Avenue until his vehicle plunged into a ditch causing the accident.

Plaintiff's complaint alleged in paragraph 4:

> "4. That at the time and place aforesaid, the plaintiffs, Marie M. Osborne, * * * were occupants in the motor vehicle then and there being operated by the plaintiff, Angelo P. Mannella, and as such occupants exercised no control over the operation of said vehicle and had no right to exercise any control over the operation thereof."

Defendant in his answer neither admitted nor denied this allegation but demanded strict proof thereof.

At the close of the evidence defendant moved for a directed verdict on the ground that Mannella was guilty of negligence which proximately caused the occurrence in question, and that he was "the agent and servant of the plaintiff, Marie Osborne, and that his negligence is umputed [sic] to her." The court ruled that the issue of Mannella's negligence had to go to the jury and so denied defendant's motion.

Following the jury verdict in Marie Osborne's favor, defendant filed a motion for judgment notwithstanding the verdict on the ground that the evidence adduced at trial, as well as the opening statement of the plaintiff's attorney, "clearly established, as a matter of law, that, at the time of the occurrence complained of," the plaintiff and Mannella "were in the relationship of principal and agent, respectively." The court denied this motion. It appears from the record that after trial an amended answer was filed specifically alleging agency.

OPINION

Defendant argues that since Mannella was driving plaintiff for the sole benefit of plaintiff and at her request, then Mannella was plaintiff's

agent as a matter of law. In discussing the general law of imputed negligence, it was stated in *Nonn v. The Chicago City Ry. Co.*, 232 Ill. 378, 381-2, 83 N.E. 924, that:

> "There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another, they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies. [Citations.] Whatever may be the doctrine of some of the earlier cases in other jurisdictions, not only our own recent decisions, but the great weight of authority, is to the effect that where a person injured is without fault and has no authority over the driver of a private conveyance, the negligence of the latter cannot be imputed to the injured person so as to defeat the recovery against a third party for the concurring negligence of the driver and such third party."

Defendant cites *Thomas v. Buchanan*, 272 Ill.App. 308, 312, for the proposition that, "* * * when an owner of an automobile drives with another, solely upon the business of this other, he is the agent and servant of the other, and the negligence of the driver, if any, will be imputed to the other." The facts in that case were that plaintiff's intestate, Thomas, was a salesman who had just finished doing business with the automobile's owner and driver. As a favor to Thomas, this customer drove him to another part of the city so that he might see another customer. On their return the accident occurred.

Plaintiff points out that this decision was reversed in *Thomas v. Buchanan*, 357 Ill. 270, 192 N.E. 215. In its reversal of the appellate court decision, the Illinois Supreme Court noted that aside from testimony that the driver was doing Thomas a favor in taking him to see another customer, "[t]here is no evidence of any conversation between Thomas and Anderson [the driver] with reference to any arrangement made or the circumstances under which Anderson took Thomas except as herein stated." The court then went on to hold the evidence insufficient to show agency and specifically noted that Thomas had no authority over Anderson in the operation of the car.

*Chapman v. Gulf, Mobile & Ohio R.R. Co.*, 337 Ill.App. 611, 86 N.E.2d 552, discussed the present issue. There plaintiff's intestate, Chapman, was a passenger in a car in which he was being driven home. No business incidents were involved. It was admitted that the trip was taken upon Chapman's request or consent and was solely for his benefit. During the drive an accident occurred, killing Chapman. The court held that upon this evidence the driver's negligence was not attributable to Chapman for

the evidence showed that Chapman was merely a passenger or guest. The court went on to state that it was erroneous to give the defendant's instruction to impute the driver's negligence to a passenger even though the passenger was receiving the sole benefit of the journey.

In the instant case the trial judge, in denying defendant's post-trial motion, noted in his written opinion that counsel did not argue the question or offer an instruction "on the question of agency or joint enterprise," stating:

> "It may be that defense counsel's decision was predicted [*sic*] on his conclusion that it was solely a question of law. However, it is more logical to attribute his decision not to submit the issue because the record was barren of any evidence that the driver was the agent of the plaintiff or had any control over the operation of the vehicle."

■■ The essential test for an agency relationship is the right to control. (*Dumas v. Lloyd*, 6 Ill.App.3d 1026, 1029, 286 N.E.2d 566.) Plaintiff did not control the operation of the automobile, nor was it shown that the plaintiff had the right to control its operation. Mannella owned the car and it was he who disregarded the suggested route and turned onto Page Avenue. The purpose of the trip was purely social, had no business incidents and in substance amounted to a gratuitous act on the part of Mannella. There is no evidence of agency, and the court was correct in denying defendant's motions. Since we have reached this conclusion, it is unnecessary to consider plaintiff's contention of waiver.

■■ Plaintiff has asked this court to assess against defendant an additional amount of $22,500, this being ten percent of the $225,000 judgment, on the ground that the sole purpose of this appeal is delay within the meaning of Ill. Rev. Stat. 1971, ch. 33, par. 23. When, as is the case here, some of the points made by defendant on appeal are debatable, a party is entitled to raise and argue them without giving rise to liability for damages for prosecuting the appeal "for delay" under the statute. (*Julian Foundry Co. v. Fidelity and Casualty Co.*, 4 Ill.App.2d 301, 307–8, 124 N.E.2d 48.)

The judgment is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.