**Grand Pacific Hotel Company, Appellant, v. Michigan Commercial Insurance Company, Appellee.**

**Gen. No. 15,341.**

1. INSURANCE—*how contract to be construed.* The language in a contract of insurance is to be given the meaning which it conveys to the ordinary mind. A new contract will not by construction be made for the parties, nor, the language of the contract being free from ambiguity, will the doctrine of favorable construction to the insured be applied.

2. INSURANCE—*contract against loss of use and occupation con-*

144    APPELLATE COURTS OF ILLINOIS.

Grand Pacific Hotel Co. v. Michigan Com. Ins. Co., 148 App. 143.

*strued.* A policy which insures for loss of use and occupation occasioned by fire which provides that such loss, if any, is to be computed from the occurrence of any fire to the time when the building in question and the equipment therein could with reasonable diligence and dispatch be rebuilt, repaired or replaced, does not cover a loss resulting from a termination of the lease under a provision contained therein which confers the right of termination upon the lessor in the event of destruction by fire, it not appearing that the contract of insurance was entered into with knowledge of such lease, the policy in question being construed to cover solely the period within which the restoration of the premises could with the diligence referred to have been accomplished.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed April 20, 1909.

**Statement by the Court.** Appellee, Michigan Commercial Insurance Company, issued its policy of insurance by which, in consideration of $148.50, it insured appellant, Grand Pacific Hotel Company, against loss by fire as follows: "$9,000 on the use and occupancy of the Grand Pacific hotel situated on the northwest corner of Jackson boulevard and South Clark street, and known as Nos. 232 to 248 South Clark street, Chicago, Ill." The policy ran from noon August 31, 1907, to noon August 31, 1908. In addition to this appellant held $61,000 other insurance, making a total of $70,000 on use and occupancy of the same hotel.

The policies all provided that if the Grand Pacific Hotel, or any part thereof, or the equipment therein, or any part thereof, should be destroyed, or entirely disabled by fire occurring during the term, and under the conditions of the policy, so as to entirely prevent operating, or carrying on the business, or if the buildings or any part thereof, or the equipment therein or any part thereof, shall be so damaged or disabled, as to prevent the full use or occupancy of the premises, then appellee should be liable for its *pro rata* part of four fifths of the loss sustained ascertained and proven under the conditions of the policy, for such

total or partial prevention, not exceeding one three-hundredth part of the sum insured under the policy per day for total prevention, nor proportionately for partial prevention, for each working day (of 24 hours) of such total or partial prevention, and not exceeding three hundred of such working days, nor in any event exceeding the sum insured.

The policy provided that the loss, if any, was to be computed from the occurrence of any fire to the time when the said building and equipment therein could, with any ordinary diligence and dispatch, be rebuilt, repaired or replaced, and not limited to the day of expiration named in the policy. For the purposes of the insurance it was agreed that the total net gain for 300 working days, beginning with the corresponding day of the year immediately preceding the fire, should be taken; and that the basis of claim for total prevention shall not exceed the daily average of such three hundred days, nor for partial prevention a proportionate share of such daily average.

Appellant was in possession of the premises described in the policy under a lease from Levi Z. Leiter, commencing on January 1, 1898, and ending August 31, 1908. This lease contained the following provision: "And provided further, that if the said buildings located upon said premises or any substantial portion thereof, shall at any time on or after the first day of January, 1907, be rendered untenantable by fire, lightning or other cause without the fault of said lessee, then said lessor shall have the right to elect whether he will restore said building or terminate this lease, such election to be made within twenty days after such injury or damage."

On March 20, 1908, a fire occurred in the Grand Pacific Hotel which resulted in so disabling the premises as to prevent the further carrying on of the hotel business by appellant. The fire destroyed and rendered untenantable a substantial portion of the building leased to appellant.

On March 31, 1908, the legal representatives of the lessor (trustees of the estate of Levi Z. Leiter, deceased,) notified appellant in writing that in accordance with the provisions of the lease, the lessor had elected to terminate appellant's lease of the premises, and on the same day, in accordance with the terms of this notice, appellant gave up possession thereof to the lessor.

Proofs of loss were duly filed with appellee, in which claim is made for the maximum liability per day one three-hundredth part of the total amount insured for 164 days, namely, from March 20th to August 31, 1908, the remainder of the term of the lease.

It was stipulated and agreed between the parties that after the fire on March 20, 1908, the hotel was "wholly or entirely disabled for a period of seven days; that nine-tenths of said hotel was disabled for an additional period of seven days; that eight-tenths of said hotel was disabled for an additional period of twenty days; that two-thirds of said hotel was disabled for an additional period of twenty days; that in addition to that, it was also disabled to the extent of fifty per cent., or one-half for an additional period of twenty days; that it was also disabled to the extent of 20% for an additional period of ten days; making a total of partial disablement of said hotel for a period of eighty-four (84) days and no more; and that at the expiration of said 84 days the building was replaced and completely restored."

The agreement of the parties further recites:

"It is further agreed that a computation of the loss upon the above basis is as follows:

| | | | |
|---|---|---|---|
| 7 days total, at 100%, | | $233.33 per day, | $1633.31 |
| 7 | 90% | 210.00 | 1470.00 |
| 20 | 80% | 186.66 | 3733.33 |
| 20 | 66⅔% | 155.55 | 3111.11 |
| 20 | 50% | 116.66 | 2333.33 |
| 10 | 20% | 46.67 | 466.70 |
| 84 | | | $12747.78" |

Appellant brought this action on the policy in the Superior Court. A jury was waived and the cause was submitted to the court for trial. The court found and entered judgment in favor of appellant for $1,668, from which this appeal is prosecuted.

GOLDZIER, RODGERS & FROEHLICH, for appellant.

BATES, HARDING, EDGERTON & BATES, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The question in controversy is whether the policy sued on covers not only the loss on the use and occupancy of the hotel to the time when the building and equipment therein could, with ordinary diligence and dispatch, be rebuilt, repaired or replaced, but also, as contended by appellant, a termination of the lease in consequence of the fire as one of the risks insured and assumed by appellee.

The primary and controlling question in the solution of the controversy then is, what does the language in this contract of insurance mean?

The provisions of the policy which we are called upon to interpret are given in the foregoing statement.

The words used are ordinary words and they have a precise, definite and well understood meaning in the connection in which they are used. In the construction of such language in a contract it is to be given the meaning which it conveys to the ordinary mind. Seitzinger v. Modern Woodmen, 204 Ill. 58, 68. There are no contradictions or inconsistencies in the policy to be reconciled. It plainly says that the amount of the loss which appellee is to pay appellant is to be computed from the day of the occurrence of any fire to the time when the building and equipment therein can, with any ordinary diligence, be repaired or replaced. There is in the provisions of the policy no ambiguity of expression which leaves the mind in

148    Appellate Courts of Illinois.

Grand Pacific Hotel Co. v. Michigan Com. Ins. Co., 148 App. 143.

doubt as to the intention of the parties. If the language of the policy is capable of two interpretations, undoubtedly under the authorities, the one most favorable to the insured is to be adopted, in order to indemnify him for the loss which he has sustained. Forest City Insurance Co. v. Hardesty, 182 Ill. 46. But, as we understand the position of appellant, it is not claimed that there is any ambiguity in the language used in the policy, or that there was any misunderstanding at the time the policy was delivered and accepted. Appellant contends that the policy insures the "use and occupancy" of the premises in question,— not the premises themselves, not any tangible property, neither fixtures, furniture, masonry nor machinery,— but simply and solely the use and occupancy, which means the right and physical ability to occupy for the purposes of appellant. Therefore, it is urged that whatever confers the right to use and occupy, whatever detracts from or destroys that right must have been within the contemplation of the parties when the contract was made. And specifically it is urged that a fair construction of the policy would include a termination of the lease in consequence of the fire as one of the risks assumed by the insurer, and appellee is liable for the damages caused by such termination.

In our opinion the provisions of the policy do not bear the construction contended for. The words, employed in the connection in which they are used, will not permit the construction sought to be placed upon them by appellant considering the subject-matter in reference to which the parties contracted. We think the intention of the parties, which must be ascertained from the words employed by them, and the subject-matter of the contract, was not to insure appellant against the termination of the lease, or failure of its title to the possession in case of fire, by the act of the landlord. We find nothing in the terms of the policy indicating, or even suggesting, that the election or decision of the landlord to terminate the lease un-

der which appellant's right of use and occupancy existed was reasonably within the minds of the parties when the contract was entered into.  To give the policy the construction contended for by appellant would in effect import or insert into the contract the equivalent of the following: "In the event that the landlord of said premises shall under the terms of the lease elect to terminate the lease, after the building or any part thereof shall be damaged by fire, the loss, if any, shall be computed from the day of the occurrence of such fire to the expiration of the term of the lease." This in our opinion, is not warranted by any provision or expression in the policy, and would be making a new contract for the parties, which courts are without power to do.  Eagle F. Ins. Co. v. Spry Lumber Co., 138 Ill. App. 610; Seitzinger v. Modern Woodmen, 106 Ill. App. 457; Jacobson v. L. L. & G. Ins. Co., 135 Ill. App. 22; Liebenstein v. Aetna Ins. Co., 45 Ill. 305; Clements Fire Insurance as a Valid Contract, Vol 1, pp. 454, 458; Wood on Insurance, p. 179, sec. 69.

That an insurance company has the right to limit its liability by provisions in its policy is too well settled to admit of discussion.  Hebner v. Palatine Ins. Co., 157 Ill. 144; Jacobson v. Liverpool, London & Globe Ins. Co., *supra;* Cooley's Briefs on Law of Insurance, Vol. 4, p. 3054; Ostrander on Ins. 463.  The provision in the policy that, "Loss, if any, shall be computed from the day of the occurrence of any fire to the time the said building and equipment therein could, with any ordinary diligence and dispatch, be rebuilt, repaired or replaced and not limited to the day of expiration named in this policy," must be regarded as a proper and reasonable limitation of the loss, and expressed in terms free from ambiguity, and having a precise, definite and well understood meaning.  We find it impossible to read this provision in any way which would convey to the ordinary mind the intent or purpose to insure appellant against the judg-

150 APPELLATE COURTS OF ILLINOIS.

Grand Pacific Hotel Co. v. Michigan Com. Ins. Co., 148 App. 143.

ment or caprice of the landlord in exercising his rights under the lease. Nor can we so read the clause that it conveys or suggests the intention to insure appellant the right to the use and occupancy of the premises for the entire term of a lease not mentioned or referred to in the policy, in the contingency that through the action of the lessor in the lease it may become impossible to restore such use and occupancy to appellant. We are confirmed in these views of the policy before us by the following cases, which we regard as covering in principle the main point in controversy here: Palatine Ins. Co. v. O'Brien, 16 L. R. A. (N. S.) 1055; Hartford F. Ins. Co. v. Northern Trust Co., 127 Ill. App. 355; Michael v. Prussian Nat. Ins. Co., 63 N. E. R. 811, 813; Hewins v. London Assurance Corporation, 184 Mass. 177.

We cannot consent to appellant's proposition that the loss caused by the termination of the lease was a fire loss within the true meaning of the provisions of the policy, and that appellant is entitled under its contract to indemnity therefor. We are unable to see from the contract how appellee can be held to have contracted in relation to, and having in view the provisions of a lease, which, so far as this record shows, was wholly unknown to it.

The judgment of the Superior Court is, we think, for the correct amount as shown by the evidence. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*