THE GRAND PACIFIC HOTEL COMPANY, Appellant, *vs.* THE MICHIGAN COMMERCIAL INSURANCE Co., Appellee.

*Opinion filed December 22, 1909.*

INSURANCE—*fire policy construed as to loss of profits pending repairs.* A policy insuring a lessee against direct loss or damage from fire, and providing that if damage by fire prevented the lessee's full use of the premises the loss of profits should be computed from the day of the fire "to the time when the said building and equipment therein could with any ordinary diligence and dispatch be rebuilt, repaired or replaced," limits the insurer's liability for loss of profits to the period so specified, and cannot be extended to include a greater period representing the unexpired term of the lease, which was canceled by the lessor, under a provision of the lease, after the fire occurred.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

GOLDZIER, RODGERS & FROEHLICH, (CHARLES H. ALDRICH, of counsel,) for appellant.

BATES, HARDING, EDGERTON & BATES, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee issued its policy insuring appellant from August 31, 1907, to August 31, 1908, against all direct loss or damage by fire to the amount of $9000 on the use and occupancy of the Grand Pacific Hotel, in Chicago. There were a number of policies issued by different companies with the same conditions, amounting in all to $70,-000, and appellee by its policy agreed that if the buildings or any part thereof, or equipment therein or any part thereof, should be destroyed or entirely disabled by fire during said term, or should be so damaged or disabled as to pre-

vent the full use or occupancy of the premises, appellee would be liable for its *pro rata* part of four-fifths of the loss sustained. The policy contained this condition: "Loss, if any, to be computed from the day of the occurrence of any fire to the time when the said building and equipment therein could with any ordinary diligence and dispatch be rebuilt, repaired or replaced, and not limited to the day of expiration named in this policy." On March 20, 1908, a fire occurred in the hotel, by which the building and equipment were damaged and injured so as to prevent the full use or occupancy of the premises by appellant and a substantial portion of the building was rendered untenantable. The appellant was in possession of the hotel under a lease, which provided that if the buildings, or any substantial portion thereof, should at any time on or after January 1, 1907, be rendered untenantable by fire without the fault of the appellant, then the lessor should have a right to elect, within twenty days after the injury or damage, whether he would restore the building or terminate the lease. On March 31, 1908, the lessor notified appellant of an election to terminate the lease, and appellant surrendered up the premises. Proofs of loss were made, and appellant claimed a maximum liability of the insurance companies of $233.33 per day for the remainder of the term of the lease, which would be one hundred and sixty-four days. The time within which the building and equipment could with ordinary diligence and dispatch be rebuilt, repaired and replaced was eighty-four days, and appellee, with the other companies, claimed that they were liable only for that length of time. Appellant brought this suit in the superior court of Cook county against appellee, claiming the right to recover to the end of the term for the loss of the use and occupancy resulting from the termination of the lease by the lessor. The facts were agreed upon and were contained in a stipulation, in which it was agreed that if the construction of the policy contended for by appellee was cor-

rect the total amount due on all the policies to appellant was $12,747 and the total amount due from the appellee was $1638, with interest from July 10, 1908. A jury was waived and the cause was tried by the court, and the court refused to hold propositions of law construing the policy as claimed by appellant. The court rendered judgment for $1668 and costs against appellee, and appellant appealed to the Appellate Court for the First District. The branch of the Appellate Court affirmed the judgment, and this further appeal was prosecuted.

Counsel for appellant present numerous authorities declaring the well understood rules that a policy of insurance is a contract for indemnity; that policies are interpreted liberally to that end, and that if there is doubt or ambiguity in the language of a policy the doubt should be resolved in favor of the assured,—and these rules are not questioned by counsel for appellee. On the other hand, there is an array of authorities upon the propositions that insurance companies have a right to limit their liability; that if the terms of a policy are clear and free from ambiguity and expressed in ordinary words having a precise, definite and well understood meaning, the contract will be enforced as made, and that courts will not make a new contract for the parties under the pretense of construction,—and these fundamental propositions are not denied by counsel for appellant. The general rules of law not being in dispute, counsel for appellant state their propositions, as follows: First, the fire was the cause of the termination of the lease; second, the termination of the lease ended the receipt of profits; third, appellee insured appellant against the cessation of profits by fire; fourth, consequently appellant looks to the appellee for indemnity for the period of the loss. They contend that their propositions are sustained by cases where property within fire limits is insured and there is a partial destruction by fire and the owner is not permitted to rebuild, such as *Brady* v. *Northwestern Ins. Co.* 11 Mich.

426, where it was held that the policy was issued in view
of local laws affecting the property, and that the loss must
be regarded as a total one.  Another case is one of marine
insurance upon freight, where it was held that insurance on
freight must necessarily have reference to some contract
of affreightment, under which, during the time covered by
the policy, freight might be earned, and in case of such
insurance the contract of affreightment must be considered.
(*Inman Steamship Co.* v. *Bischoff,* 7 L. R. App. Cas. 670.)
The courts do not hold, however, that building laws con-
trol the language of a contract, and where there were such
laws which would increase the cost of repairing a building
partially destroyed, such increased cost was held to be ex-
cluded by a policy providing that loss or damage should
in no event exceed what it would cost the insured to re-
pair or replace the same with material of like kind and
quality and providing against liability for loss occasioned
by building laws.  (*Hewins* v. *London Assurance Corpora-
tion,* (Mass.) 68 N. E. Rep. 62.)  Another case was a
policy of insurance against loss of rents of premises ren-
dered untenantable by fire, where the policy provided that
the loss was to be computed from the date of the fire and
to cease upon the premises again becoming tenantable, or,
in case the insured should elect not to rebuild or repair,
the loss of rents was to be determined by the time which
would have been required for such other purposes.  The
building was destroyed in the great Baltimore fire and the
plaintiff was prevented for a time from rebuilding by the
action of the city, but it was held that she could not recover
rent for that period.  (*Palatine Ins. Co.* v. *O'Brien,* 60
Atl. Rep. 484.)  The termination of appellee's lease ended
the receipt of profits from the hotel business for the time
being, and appellee insured against the cessation of profits
by fire, but only for a limited period specified in the policy.
The fire merely furnished the condition which enabled the
lessor to terminate the lease in accordance with its terms,

243—8

but whether the fire was the cause of the termination of the lease or not is immaterial. The policy was free from ambiguity and the words used had a precise, definite and well understood meaning. No language could more clearly express the intention of the parties as to the time for which the loss should be computed. The policy did not insure appellant in the possession of the premises against forfeiture of the lease and appellee did not agree to keep appellant in the use and occupancy of the premises, but only agreed to pay its *pro rata* share of the loss for a period computed from the day of the fire to the time when the building and equipment therein could with ordinary diligence and dispatch be rebuilt, repaired or replaced. To say that the language used meant anything different would be to make a new contract, and the construction given to the policy by the superior court was correct.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*