## L. M. Griffin et al., Appellants, v. W. L. Pfeffer Lumber Company, Appellee.

1. LANDLORD AND TENANT—*when third person liable as assignee on lease*. An actual legal assignment is necessary to render a third person liable on the covenants in a lease as an assignee.

2. FRAUDS, STATUTE OF, § 41*—*when defense in action against assignee of lease*. Where one taking under an oral assignment a lease which does not by its terms expire for more than a year after he comes into possession sets up the Statute of Frauds as a defense, he cannot be held liable for the performance of covenants therein.

3. ASSUMPSIT, ACTION OF, § 44*—*when suit may be maintained to recover money*. Where one has money equitably belonging to another, the latter may sue in assumpsit and recover such funds.

4. INSURANCE, § 83*—*who have insurable interest in leased property*. Both the lessor and lessee of property have an insurable interest therein.

5. INSURANCE, § 494*—*when lessee not deemed to hold insurance money collected for benefit of lessor*. A lessee who insures his interest in the leased property cannot be said to hold the money collected under the policy for the benefit of the lessor, even though such property belonged to the lessor and the amount so collected is greater than his interest in the property was worth.

6. FRAUDS, STATUTE OF, § 41*—*what is not written acceptance of lease*. A receipt by the lessor to the assignee of the lease wherein the lease is recognized cannot be construed as a written acceptance of the lease where the receipt was not signed or indorsed by the assignee.

Appeal from the Circuit Court of Richland county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

LYNCH & MARTIN, for appellants.

JOHN A. MACNEIL and H. G. MORRIS, for appellee; R. D. W. HOLDER, of counsel.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

At the conclusion of the plaintiffs' testimony the court directed a verdict for the defendant. Upon this

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment was rendered, to reverse which the plaintiffs prosecute this appeal.

It is disclosed by the record in this case that the appellants are the owners of the south 105 feet of Lots 19, 20 and 21, in Kitchell's Addition to Olney, Richland county, Illinois. That on January 21, 1907, appellants leased the said lots to Barney & Hines for a period of 10 years. The lessees were to have the lots cleared of any other buildings. The lease provided that the premises were to be used for a lumberyard and contained this provision: ''The said parties of the second part are to erect and construct all the buildings and structures necessary for the conducting of the business, at their expense, and all such buildings and structures, when so erected, shall become the property of the parties of the first part.'' The lessees entered into possession of the premises and they and their successors from time to time erected the buildings hereinafter described as having been destroyed by fire. It was admitted that all the buildings were erected by the various lessees and occupants. The contract provided for a yearly rental of $240, payable $20 each month. It further provided for a forfeiture at the option of the lessors and gives the lessees the option of purchasing, and also gives the lessees the right to extend the lease for a period of 10 years on certain conditions; and further provided: ''Any assignment of this lease shall be made to parties that are satisfactory to the parties of the first part, and, if so made, shall release parties of the second part from their liability under the terms hereof.'' And further provided: ''Parties of the second part shall have the right to cancel this lease by giving 30 days' notice to parties of the first part of their intention of so doing, and by paying to parties of the first part $120.00 as damages.'' On April 29, 1907, the lease was assigned in writing by Barney & Hines to the Richland Lumber Company. On September 5, 1907,

the same was assigned in writing to the W. M. Simpson Lumber Company, and on May 3, 1909, the lease was assigned in writing to James G. McLean, and in the written assent to said assignment to McLean there was added the following provision: "It is hereby expressly stipulated and agreed that the insurance on the buildings on the premises described in said contract shall be taken out and placed in the name of the lessors, and in consideration thereof the said lessors expressly stipulate and agree that in event of loss on or destruction of said buildings or any of them whereby loss is payable under said insurance that they, the said lessors, will repair or replace or erect and construct suitable buildings for said lumber yard and plant, under the direction and supervision of lessee, at their own cost and expense, to an amount not exceeding the amount received from said insurance."

After McLean had obtained possession of the premises he organized a corporation under the name of the McLean Lumber Company, which organization was completed on May 27, 1909, and this corporation took over the lumber business and continued to transact business on said lots for about 2 years, during which time McLean was an officer of the company and had transferred this lumber business to the corporation in payment of stock received by him, but no written assignment was made by McLean of this lease to the McLean Lumber Company. Shortly thereafter the McLean Lumber Company changed the name of the corporation to the W. L. Pfeffer Lumber Company, appellee herein, and appellee continued to transact the lumber business upon said lots until January 8, 1915, when the lease was canceled at the request of appellee. At the time of the cancellation of the lease the appellants prepared and left upon the desk of appellee the following receipt:

"January 8, 1915.
"Received of the W. L. Pfeffer Lbr. Co. $160.00

being in settlement in full for rent and $120.00 for termination of lease of property, being 105 feet off of the South end of Lots 19, 20 and 21 of A. Kitchell's First Addition as per original lease given to Barney & Hines, March 1st, 1907 by lessors. Terminating under conditions of said lease which is as follows:— 'Parties of the second part shall have the right to cancel this lease by giving 30 days' notice to parties of the first part of their intention of so doing and paying to parties of the first part $120.00 as damages. C. H. GRIFFIN, for Griffin Heirs.' "

The appellee denies that it received this receipt or in any manner accepted the same but claims that the payment was made in full settlement of all demands of appellee against appellants.

It further appears from the evidence that this was the only lease ever executed. No agreement of any kind was ever made after appellee obtained possession of the premises and no assignment of this lease was ever made to the appellee but it simply paid the rent monthly at the rate of $20 per month. At the time that appellants purchased the business from the McLean Lumber Company the buildings were valued at $2,500. C. H. Griffin claims that he had a conversation with W. L. Pfeffer, after appellee purchased from McLean, in which Pfeffer spoke of giving a notice for the purchase of the property, under the lease, but Pfeffer denies that he had any knowledge of the terms of the lease in question. After appellee purchased from McLean it caused the buildings and other property upon said lots to be insured and the insurance was taken in the name of appellee, paid for by appellee and made without the knowledge of the appellants. On October 27, 1914, a fire occurred and the buildings and property upon said lots were destroyed, and on the 5th of November, 1914, appellee made proofs of loss and obtained from the companies insurance to the amount of $3,937.73, which was the total amount of the liability. On January 15, 1915, the appellants

made a written demand upon appellee for this money which appellee refused to pay, and suit was instituted to recover this amount.

The appellants filed a declaration consisting of a special count and two counts for money had and received by appellee for the use of appellants, and the fourth count for interest due upon divers sums of money owing by appellee to appellants. The special count above referred to set forth the facts substantially as contained in the foregoing statement. To this declaration the defendant's first plea was that of general issue; the second was a plea of the Statute of Frauds, averring that the action was predicated upon an agreement not to be performed within one year; and the third was a plea denying that any written assignment was ever made to appellee of the lease set forth in the declaration, or delivered to it. Also a fourth plea setting forth that if there was an indebtedness it was that of one James G. McLean and not of appellee, and that there was not any memoranda in writing signed by appellee agreeing to assume said obligation of McLean. The fifth plea denies that the lease set forth in the declaration was ever assigned in writing and delivered to this defendant. The replication to the second plea denies that the cause of action is predicated upon an agreement which was not to be performed within one year, upon which issue was joined. The replication as to the fourth plea denies that the several promises referred to were special promises to answer for the debt of James G. McLean. The replication to the fifth. plea sets forth substantially the same facts as are alleged in the declaration, and then alleged that the appellee collected the insurance money which lawfully belonged to the appellants. The rejoinder to the replication to the fifth plea denies that the McLean Lumber Company took over said lease and modification in writing or by any assignment in writing by the said McLean or any other per-

son; and denies that any written acceptance of said lease was ever executed by the McLean Lumber Company or the appellee; and denies that the insurance was taken out for the benefit of appellants, but avers it was taken out by the appellant at its own cost and expense upon its insurable interest in the said buildings, and that the moneys paid to it were for its own loss and damage and for no loss and damage to the plaintiffs, upon which issue was joined by the appellants.

The pleadings in this case are quite voluminous, but we do not regard it as necessary to take up and determine the issues made by each plea, for when all of the pleadings are taken together we are of the opinion that the controlling questions in the case are: First. Was the appellee by reason of the possession it had of the premises in question in privity with the appellants, and being so was it liable for the fulfillment of the terms of the lease? Second. If no such privity existed as to create a liability under the lease, did the fact that the buildings were owned by the appellants under the terms of the lease at the time of the fire create a liability upon the part of the appellee to pay the appellants the amount of insurance collected by reason of the loss by fire of such buildings? We think that under the first proposition the principal question to determine is, Was the appellee in privity with the appellants by reason of its possession and use of the lots? It will be borne in mind that at the time this lease was assigned by Barney & Hines to the W. M. Simpson Lumber Company and by the W. M. Simpson Lumber Company to James G. McLean, there was in each instance a written assignment made upon the lease and assented to in writing by the appellants, and in the assent given to the assignment made to James G. McLean, the statement set forth in the foregoing part of this opinion was attached to said lease. It further appears from the evidence that no other as-

signment was made of this lease and that the McLean Lumber Company and the appellee respectively occupied the premises without any assignment of the lease. While it is argued that McLean was a stockholder and officer in the McLean Lumber Company, yet the party then in possession was wholly different from James G. McLean, to whom the assignment had been made, and when the appellee came into possession of the property it bought the lumber interests and buildings of the McLean Lumber Company but received no assignment of the lease. "In order that a third person may become liable on the covenants in the lease as an assignee, it is necessary that there should have been an actual legal assignment so as to constitute him a legal assignee as distinguished from an equitable assignee." Am. & Eng. Encyc. of Law, vol. 18, page 671. It will be borne in mind that in this case appellee pleaded and relied upon the Statute of Frauds in its defense, and our Supreme Court has said: "And since, as against the plea of the Statute of Frauds here interposed, the title to the term cannot pass, pursuant to contract, unless that contract, or some memorandum or note thereof, shall be in writing and signed by the lessees, this parol contract of assignment is not executed. In the cases cited, had no deeds been executed and delivered and accepted, although everything else might have been done which was required to be done by the oral contract, it is manifest the contract, so far as it was a contract for the sale of real estate, could not have been held to be executed, since no title could have passed; and the writing is here just as indispensable to the passing of the title to the term, as the deed was there to the passing of the title to the land." *Chicago Attachment Co. v. Davis Sewing Mach. Co.*, 142 Ill. 183; *Curtis v. Sage*, 35 Ill. 22; *Worden v. Sharp*, 56 Ill. 104.

It is conceded by the pleadings that the lease in question did not by its terms expire for about 4 years

from the time that appellee came into possession of the lots, and we are constrained to hold that as the Statute of Frauds is relied upon and as no written assignment was made to the appellee, that the appellee did not become liable for the performance of the covenants of the lease as contended for by appellants. There is another reason why appellee would not be liable, as it is very doubtful if the covenant referred to was a covenant running with the land but was only a personal covenant, and in reading this specification made by appellants it does not appear that it required the lessee or McLean to perform any act, but it is not necessary to determine that, in the view we have above taken of the case.

Again, it is insisted that at the time of the fire the appellants were under the terms of the lease the owners of the buildings that were destroyed and that, as they were the owners of the buildings, any insurance collected for the loss thereof equitably belongs to the appellants and can be recovered in an action of assumpsit, and many authorities are referred to in support of this doctrine, notably the cases of *Wilson v. Turner*, 164 Ill. 398; *Board of Highway Com'rs v. City of Bloomington*, 253 Ill. 164. We fully recognize the doctrine laid down in the cases referred to and claimed by appellants that where a person has money that equitably belongs to another, such other may sue and recover such funds, but the question that confronts the appellants is, "Does this particular fund belong to them under the law?" The appellee had an interest in these buildings; it had paid the McLean Lumber Company $2,500 for the buildings; it obtained insurance upon the buildings and other property in its own name, paid the premiums and had the policies made payable to it in case of loss by fire. This it had a right to do even though it be conceded that the buildings belonged to appellants. Both the lessor and the lessee had an insurable interest in the premises,

and as we have seen there is no liability upon the part of appellee to restore the buildings destroyed by fire, then there is no reason why the appellee should not have insured its interest in the buildings and collected such insurance, and when so collected it cannot be said to have been received for the use of the plaintiff. *Clemson v. Trammell,* 34 Ill. App. 414. Any one having an interest in the premises may insure and collect such insurance. *Ely v. Ely,* 80 Ill. 532. A lessee having possession of property has an insurable interest therein and may insure and collect. *Grand Pacific Hotel Co. v. Michigan Commercial Ins. Co.,* 243 Ill. 110. In speaking of the rights of one to acquire insurance, the Supreme Court has said: "It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him." *Home Ins. Co. of New York v. Mendenhall,* 164 Ill. 467. Where one has an insurable interest in the property and the insurance company sees fit to issue a policy and accept the premium, and pay the entire amount of the insurance in case of loss, that was a matter entirely between the assured and the company and could not be taken into consideration when other parties are claiming the insurance money from the assured. *Ketcham v. Ketcham,* 269 Ill. 584. Even though the appellee collected a greater amount of insurance than his interest in the buildings was worth, as claimed by appellants, that was in our judgment a matter between the appellee and the insurance company, and we can see no reason why that alone would give appellants any right to this fund.

It is contended by appellants that the appellee terminated the lease and received a receipt from the appellants in which the lease was recognized, but this receipt was not signed by the appellee or in any manner indorsed by it in writing, and under the pleadings in this case we are unable to see how it could be con-

strued as an acceptance of the lease in writing as required by law.

We are of the opinion that under the lease and pleadings appellee was not bound to insure the property in question for the appellants; that it did not insure it for the use of appellants; that it had a right to insure for its own use and benefit and that appellants were not under the law entitled to the fund received by the appellee.

We are of the opinion that the court did not err in directing a verdict for the appellee and the judgment of the lower court is affirmed.

*Judgment affirmed.*