Virgie Carter, Appellant, v. Nehi Beverage Company. United States Fidelity and Guaranty Company, Appellee.

Gen. No. 43,692.

Opinion filed September 9, 1946. Released for publication September 24, 1946.

JOHN O'C. FITZGERALD, of Chicago, for appellant.

EUGENE P. KEALY, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In the trial court this proceeding was in garnishment by plaintiff, pursuant to Ill. Rev. Stat., ch. 73, par. 1000, § 388 [Jones Ill. Stats. Ann. 66.1063], on a judgment for $3,000 and costs, rendered by default in the superior court of Cook county February 21, 1944, in a suit to recover damages for personal injuries sus-

tained by plaintiff June 12, 1939. The action was brought against Nehi Beverage Company of Elgin, a manufacturer, bottler and distributor of carbonated beverages, with offices at 15 North Union street, Elgin, Illinois. The complaint of Virgie Carter charged that Minnie Handelman, aunt of plaintiff, conducted a wayside lunch business at Wauconda, Illinois; that the defendant conducted its business of manufacturing, bottling and distributing carbonated beverages at the above address at Elgin, Illinois; that Nehi sold and delivered to Minnie Handelman at Wauconda a certain carbonated bottled beverage known as "pop"; that plaintiff, then a minor, was directed by her aunt to place these bottles of "pop" in a tank containing ice; that while so doing with all due care on her part, one of the bottles exploded, injuring her severely, and all through the negligence of defendant. Executions issued on the judgment to the sheriffs of Cook and Kane county and were in each case returned "No Property Found." The proceeding in garnishment followed.

At the time of plaintiff's injuries, the Nehi company carried an indemnity policy issued by the United States Fidelity & Guaranty Company. The policy issued October 6, 1938, and was to expire October 6, 1939. It was a public liability policy identified as "PM-51140." The garnishor filed interrogatories, which the garnishee answered. The answers in substance say that the garnishee owes nothing to the Nehi company for the reason that the injury to plaintiff, for which judgment was rendered February 21, 1944, was not covered by the policy. A copy of the policy was made a part of the pleadings. The complaint filed in the original suit was put in evidence. After an examination of the answers and the evidence, the trial judge was of opinion nothing was due from the guaranty company to Nehi and discharged the garnishee. This appeal by plaintiff followed.

The question for decision is whether the trial judge erred in holding nothing was due and discharging the garnishee. We must examine the policy and the pleadings in the light of facts not disputed.

The policy is a form of liability policy known as "Manufacturers' Public Liability Policy." Division 1 of the policy states the insurance to be provided. The first part limits it to claims resulting from injuries sustained by persons, other than employees, who are upon the premises or ways of the Nehi Beverage Company or immediately adjacent thereto. The second part specifically covers injuries sustained "elsewhere than upon the premises described in said Schedule, *caused by employees while engaged in the conduct of the Assured's business.*" It is clear the injury plaintiff received is not covered in either class. If, by a strained construction, we could succeed in including plaintiff's injury in one of these classes, we are confronted by the exclusion clause which follows; the policy says:

"The Foregoing Agreements Are Subject To The Following Conditions:

"Condition A. This policy shall not cover loss from liability for, or any suit based on, injuries or death:

". . . .

"(4) Caused by or claimed to have been caused by the consumption or use of any article or product manufactured, handled or distributed by the Assured *elsewhere than upon the Assured's premises.*"

This clause seems to be clear and unambiguous. We find nothing in it that requires construction. We are not permitted to make the contract for the parties. That was for Nehi to do when it purchased this indemnity.

Plaintiff invokes the unquestioned rule that a contract of insurance for indemnity must be liberally

construed in favor of the assured, so as not to defeat without a plain necessity a claim for indemnity. She cites *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39, 46, 47, and *Stone v. Tri-State Mut. Life Ass'n,* 311 Ill. App. 624, 629. There is no doubt of the validity of that rule in the construction of insurance contracts. Here, by the plain provisions of the contract, this particular occurrence is excluded. When there is no ambiguity to construe, the rule is not applicable. A large number of cases so holding are cited in the brief. It will be sufficient to cite *Coons v. Home Life Ins. Co. of New York,* 368 Ill. 231; *Moscov v. Mutual Life Ins. Co. of New York,* 387 Ill. 378; *United States Fidelity & Guaranty Co. v. Guenther,* 281 U. S. 34. We have no right or power to make a new contract for the parties, and the cases hold that in an action of this kind the plaintiff cannot recover against the garnishee if the assured is not entitled to indemnity under the policy. *Rodenkirk v. State Farm Mut. Automobile Ins. Co.,* 325 Ill. App. 421; *Jones v. Manufacturer's Casualty Ins. Co.,* 313 Ill. App. 386, 390. The appellant has not filed any reply brief.

The judgment will be affirmed.

*Affirmed.*

The foregoing opinion prepared by Mr. Justice MATCHETT is hereby adopted as the opinion of the court, and the judgment is entered in accordance therewith.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J.