Hazel Langvin, Appellee, v. Rockford Life Insurance Company, Appellant.

### Term No. 49M6.

500

Opinion filed September 26, 1949. Released for publication October 26, 1949.

· KARL C. WILLIAMS, of Rockford, and FARTHING, FARTHING & FEICKERT, of Belleville, for appellant.

WHITNEL & WALKER, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is an action brought by Hazel Langvin, plaintiff appellee, upon three insurance policies issued by the Rockford Life Insurance Company, defendant appellant, on the life of Michael Langvin, deceased. Appellee is the sole beneficiary under the three policies. Each of these policies provided for $1,000 ordinary death benefits. Also attached to each policy was an accidental-death benefit rider, which provided, ". . . in the event of the death of Michael Langvin resulting from bodily injury, sustained and effected directly through external, violent and accidental means (homicide or self-destruction, sane or insane, not included) exclusively and independently of all other causes, provided such death shall occur within sixty (60) days from the date of the accident, the Company will pay the beneficiary or beneficiaries hereunder, in addition to the amount otherwise due under this policy, the sum of $1,000.00."

"This agreement to pay increased amounts in the event of death from bodily injury, does not cover . . . death caused by the commission of an assault or battery or assault and battery or felony."

Appellee received $3,000 ordinary death benefits from said policies. Then claiming that her husband died from accidental means, she brought this action asking for an additional $3,000 under the accidental death riders. The defendant appellant answered her

complaint denying that her husband died from accidental means and alleged as an affirmative defense that Langvin died as the result of a deliberate, intentional and felonious assault and battery and beating administered upon him during a burglary of his gasoline station by two men; that his death was caused solely by such homicide, killing and murder, independent and exclusive of any other cause; that death caused by homicide was specifically excluded in said accidental death benefit rider; that as the consequence of said homicide, plaintiff is not entitled to any additional payments on said riders. Trial by jury in the lower court resulted in a verdict and judgment in the amount of $3,087 against the appellant who has perfected an appeal to this court.

At the end of appellee's case, appellant filed a motion for directed verdict. He filed another such motion at the close of all the evidence. Both motions were overruled. Appellant assigns as error this action of the trial court in denying these motions and allowing the case to go to the jury.

The evidence discloses that Michael Langvin died April 10, 1948. At midnight of the previous day, a friend saw him as he was preparing to sleep on a mattress in his filling station. At the time his companion left, Mr. Langvin secured the door of his filling station with a large iron bar. He was next seen around six o'clock the following morning. At that time, the door which had been barred was open and the iron bar was on the floor. Mr. Langvin was lying trembling on the floor with a bloody face, a swollen ear and eye and with a fractured skull. The window of the filling station was broken. A candy machine, three penny vending machines, a combination .22 rifle and shotgun and other property which had been in the station the night before when Mr. Langvin retired were missing. Coins were scattered on the floor and one of Mr. Langvin's pockets was turned wrong-side out.

The property in question was subsequently recovered by the police. The combination .22 rifle and shotgun was found in the possession of persons not the owners thereof. In the same room where the rifle and shotgun was found the police officers also found a wrecking bar with blood stains on one end. The candy machine and penny vending machines were discovered abandoned in a vacant lot. Medical examinations disclosed that the injured man had extensive skull fractures, that an area of his skull two inches square was depressed and that there had been more than one blow to the head causing the fracture. Mr. Langvin died approximately sixteen hours after he was found in said condition. There is no question but that his death resulted from the injuries aforesaid. None of the above evidence was contradicted in any way by the appellee.

Considering the evidence as a whole, there is only one reasonable conclusion therefrom; namely, that Michael Langvin died as the result of an unlawful, intentional beating by another. While the evidence of homicide was circumstantial, it was uncontradicted and unexplained. The lower court committed error in allowing this case to go to the jury and refusing a motion for an instructed verdict in appellant's favor at the close of all the evidence.

The question of law remains as to whether or not the death of Michael Langvin comes within the "homicide" exception of the accidental death benefit riders of said insurance policies. Appellee correctly states the principal of law that if an insurance policy is uncertain or ambiguous, the construction should be adopted which enables the beneficiary to recover. Conversely, if a contract is plain on its face, its meaning cannot be perverted or changed. Appellee argues that there are many types of "homicide" and therefore the term is ambiguous. However, we are not here concerned with theoretical fact situations but are dealing with a fact situation where the only reasonable conclusion is that the insured was the subject of a felonious

killing. On the fact situation presented, we do not consider the policies in question ambiguous or repugnant. They are subject to but one construction; namely, that "homicide" includes such a felonious killing as is here shown by the facts presented. *Wozniak v. John Hancock Mut. Life Ins. Co.*, 288 Mich. 612, 286 N. W. 99; *John Hancock Mut. Life Ins. Co. v. Tabb*, 273 Ky. 649, 117 S. W. (2d) 587. Whether the terms of the policy exclude other grades or types of homicide is not material to this case. The authorities cited by the appellee as contra to the holding of this court have been examined and do not present comparable situations with the one at bar.

The other assignments of error urged by the appellant need not be considered in view of the above ruling of this court. Likewise, the error assigned by the appellee must also necessarily be denied.

The judgment of the city court of East St. Louis, Illinois, is hereby reversed.

CULBERTSON, and SCHEINEMAN, JJ., concur.