Andrew Lobe for Use of Evelyn Koziol, Administratrix of Estate of Bernice Kamykowski, Deceased, Appellee, v. Bankers Indemnity Insurance Company, Appellant.

Gen. No. 45,273.

Opinion filed May 9, 1951. Released for publication July 5, 1951.

KERWIN, RUFF, GROTEFELD & KILEY, of Chicago, for appellant; WILLIAM S. GROTEFELD, and DONALD M. ROCHE, of Chicago, of counsel.

DAVID A. RISKIND, and MERWYN E. CEDAR, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

This is a garnishment proceeding based upon a garage liability insurance policy issued by Bankers Indemnity Insurance Company to Andrew Lobe doing business as Andy's Garage. At the time the policy was in force Andrew Lobe while driving an automobile owned by his wife Irma Lobe, struck Bernice Kamykowski inflicting injuries which resulted in her death. Evelyn Koziol, administratrix of the Estate of Bernice Kamykowski, brought an action against Andrew Lobe and Irma Lobe, his wife, for wrongful death. A default judgment in the sum of $5,000 and costs was entered against the Lobes, and execution was issued on the judgment and returned *nulla bona.* The present proceeding was instituted against the insurance company for the use of the administratrix to recover the amount of her judgment against the Lobes.

The plaintiff filed interrogatories which the insurance company as garnishee answered, stating in substance that the Lobes were not insured by the garnishee

for the accident upon which the judgment was rendered in the original suit. Trial by the court without a jury resulted in a finding and judgment against the insurance company as garnishee, from which judgment the insurance company appeals.

The pertinent provisions of the policy are as follows: Under the title of "Insuring agreements," and subtitle "Definition of Operations"—

"Division 1—Automobile Dealer or Repair Shop— The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

Under the designation "Exclusions," paragraph "(h)" listed under "This policy does not apply," reads: "to any partner, if the named insured is a partnership, with respect to any automobile owned by such partner or by any other partner of the named insured or by a member of the family of any such person; or, if the named insured is an individual, *to any automobile owned by a member of the named insured's family.*"

The basic question presented is whether application of the exclusion precludes liability of the insurance company under its policy.

The essential facts are substantially undisputed. Irma Lobe, wife of Andrew Lobe, purchased a 1934 Chrysler sedan for the sum of fifty dollars out of her funds and for her personal use. At the time of the accident and for several years preceding it Andrew

Lobe operated a garage in the City of Chicago. October 6, 1949 Irma Lobe's automobile was placed in Andrew Lobe's garage for repairs. Late in the afternoon of that day, Andrew Lobe using his wife's automobile transported a patron, one Sam Demico, to his home. Demico's automobile was also at Lobe's garage for repairs. While driving back to the garage from Demico's home Andrew Lobe struck and fatally injured the decedent.

Andrew Lobe testified that when Demico appeared at his garage he was about to drive his wife's automobile out of the garage for the purpose of testing the clutch and that at the time the accident occurred he was actually making a test of the clutch.

Plaintiff insists that the purpose of the exclusion clause in the policy was not to limit coverage of defendant in his garage operations but to limit the liability of the insurance company in activities not connected with the operation of the garage. He says that since the automobile in question was, at the time of the occurrence, being tested for repairs ordered and paid for by Irma Lobe, the insurance company is liable under the provisions of Division 1 of the policy. We think this position is untenable. The language of the exclusion provision (h) is plain and unambiguous. It states that the policy does not apply to any automobile owned by a member of the insured's family. Irma Lobe owned the automobile and the title was registered in her name. Her marital status is admitted. She is a member of the insured's family within the meaning of the exclusion.

In *Rodenkirk v. State Farm Mut. Auto. Ins. Co.*, 325 Ill. App. 421, a garnishment proceeding involving the construction of a similar exclusion provision, this court held that the insurance company as garnishee was not liable. We think the question determined in the *Rodenkirk* case is so nearly analogous to the one presented

503

in this case as to make that case decisive of the issues here. To the same effect see *Carter v. Nehi Beverage Co.*, 329 Ill. App. 329. Courts of review in other jurisdictions in construing exclusion provisions in insurance policies similar to the one in this case have held that no liability existed against the insurance company. See *Farm Bureau Mut. Auto. Ins. Co. v. Boecher*, 48 N. E. (2d) 895, cited with approval in the *Rodenkirk* case; *American Mut. Liability Ins. Co. of Boston v. Meyer*, 115 F. (2d) 807; and *Hardware Mut. Cas. Co. v. Wendlinger*, 146 F. (2d) 984.

Whether the automobile here involved at the time of the accident was used by the insured Andrew Lobe for business purposes in connection with his garage, we think, is immaterial. In the view which we take of the case it is unnecessary to consider the other points raised.

For the reasons stated, the judgment against defendant Bankers Indemnity Insurance Company as garnishee is reversed.

*Reversed.*

Burke, P. J. and Kiley, J., concur.