73 So.2d 470

**LLOYD v. UNITY LIFE INS. CO.**

No. 40975.

May 31, 1954.

Robert J. Newson, Shreveport, for plaintiff-appellant.

Ferris & Achee, Shreveport, Normann & Normann, Lee F. Murphy, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

The plaintiff Ada J. Lloyd, beneficiary in two policies of insurance issued to her deceased husband, Bennie S. Lloyd, by the defendant Unity Life Insurance Company, is seeking to recover the sum of $2500. Plaintiff seeks to recover double the face amount of each policy under the provisions of Act 310 of 1910 as amended, R.S. 22:657, together with $500 attorney's fees, alleging that the defendant company has neglected and refused to pay the face amount of these policies for a longer period than 30 days after written notice and proof of death, as required by the provisions of the policies, had been submitted to the defendant insurance company. Plaintiff's suit was dismissed on exception of no cause and no right of action, and she has appealed.

The two policies, which are identical in their provisions, are attached to, and made part of, the petition. In the insuring clause which provides for indemnity for death by accidental means, the insurance company agreed to pay the face amount of the policy provided the insured "sustains, while this policy is in effect, bodily injuries, effected solely through external, violent and accidental means of which, except in the case of drowning, there is a visible contusion or wound on the exterior of the body of the Insured, causing death, and if such death occurs while the policy is in effect within

ninety days after such injuries were sustained and as a direct result thereof independent of all other causes, * * * and subject to the other provisions of this policy". The policies also provide under "Exceptions and Reductions" that "The insurance under this policy does not cover loss or death resulting, directly or indirectly, wholly or partly, from: self-destruction or any attempt thereat, sane or insane; *homicide*; * * * ". (Italics ours.)

Plaintiff in her petition recites that the insured, Bennie S. Lloyd, met his death by accidental means, within the provisions of the insuring clause. However, she alleges also that the deceased insured "was attacked and stabbed to death by one Willie Jones, who is now serving a term in the penitentiary for this offense and that the said stabbing left such external, visible wounds as would comply with paragraph four [the insuring clause] of the said insurance policies being sued upon". The petition further alleges that "the said Willie Jones was charged with murder and pleaded guilty to the lesser charge of manslaughter, all of the above being within the knowledge of the defendant insurance company".

The exception of no cause and no right of action was sustained by the lower court because under the allegations of the petition the insured's death came within one of the exceptions in the policies—that is, the policies did not cover loss or death resulting directly or indirectly from homicide—, and

under the terms of the policies the beneficiary was not entitled to recover.

Appellant contends that the provision of the policies excepting from coverage death resulting from homicide is ambiguous and uncertain and should be construed against the insurance company. She argues that "homicide" means the killing of a human being, and that by this definition any accidental death under the provisions of the policies would be excluded, or that the exclusion covers all accidental deaths, and that consequently this exclusion should be stricken from the policies.

We do not agree that the word "homicide" has such a broad meaning as urged by the appellant or that it is so ambiguous that we cannot ascertain what was intended by its use. It was undoubtedly intended to cover at least the intentional killing of one person by another not sanctioned by law. The death of the insured therefore resulted from homicide within the meaning of this word in the policies.

The courts of other states in construing the accident provisions of insurance policies where death resulting from homicide was excluded from coverage have considered the same argument which appellant makes here, that the word "homicide" is ambiguous. These courts have held uniformly that the word "homicide" includes the intentional felonious killing of one person by another, and under this definition the appellant here cannot recover. See Mc-

Lendon v. Carolina Life Ins. Co., 71 Ga.App. 557, 31 S.E.2d 429; Langvin v. Rockford Life Ins. Co., 338 Ill.App. 499, 88 N.E.2d 111; Great Southern Life Ins. Co: v. Cherry, Tex.Civ.App., 24 S.W.2d 512; Wozniak v. John Hancock Mut. Life Ins. Co., 288 Mich. 612, 286 N.W. 99; Black v. Massachusetts Accident Co., 57 R.I. 237, 189 A. 3; John Hancock Mut. Life Ins. Co. v. Tabb, 273 Ky. 649, 117 S.W.2d 587; see also 1 Appleman, Insurance Law and Practice, Sec. 485, p. 596.

For the reasons assigned, the judgment appealed from is affirmed.